IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN RONALD BIRD | § | |
|     TDCJ-CID NO. 1272202 | § | |
| v. | § | C.A. NO. C-09-277 |
| | § | |
| RICK THALER | § | |

**MEMORANDUM AND RECOMMENDATION
TO GRANT RESPONDENT'S MOTION TO DISMISS**

Petitioner is a state prisoner currently incarcerated at the McConnell Unit in Beeville, Texas.  (D.E. 1).  On October 14, 2009, Petitioner filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254, alleging that prison officials purposely allowed him to be attacked and conspired to conceal the incident.  (D.E. 1).  Pending is Respondent's motion to dismiss for lack of subject matter jurisdiction.  (D.E. 13).  Petitioner did not file a response.[1]  For the reasons stated herein, it is respectfully recommended that Respondent's motion to dismiss be granted, and this habeas action be dismissed.

**I.  JURISDICTION**

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where the conviction was obtained.  Wadsworth v. Johnson,

---

[1] Pursuant to Local Rule 7.4, "[f]ailure to respond will be taken as a representation of no opposition."

235 F.3d 959, 961-62 (5th Cir. 2002).  Petitioner is incarcerated in the McConnell

Unit in Beeville, Texas, (D.E. 1, at 1), and, therefore, jurisdiction is proper in this

Court.  28 U.S.C. § 124(b)(6).

## II.  BACKGROUND

Petitioner was convicted of sexual assault by the 283rd Judicial District

Court of Dallas County, Texas and is currently serving a fifteen-year sentence at

the McConnell Unit.  (D.E. 1, at 2); (D.E. 13, at 2).  On July 2, 2009, Petitioner,

who is African-American, claims that Officer Gonzales intentionally opened his

cell door so that another prisoner named Beaver, who Petitioner claims is a

member of a white supremacist gang, could attack him.  (D.E. 1, at 7-8).

Later that day, Petitioner filed a Step 1 grievance against Officer Gonzales

and requested to be transferred to a different location.  Id. at 12-13.  This led to an

investigation by the Office of the Inspector General.  Id. at 13.  Petitioner was

questioned by Detective Jartinez from Internal Affairs on July 8, 2009 regarding

the matter.  Id. at 8.  On August 14, 2009, the Step 1 grievance was returned to

Petitioner explaining that his claims were under investigation.  Id. at 13.

Before the investigation was closed, Petitioner filed a Step 2 grievance on

August 20, 2009 reiterating that he was in danger and alleging that Warden

Richard Crites was attempting to cover up his attack.  Id. at 14-15.  The Step 2

grievance was returned to Petitioner on September 25, 2009 with a finding that no

prison employees were guilty of misconduct.  Id. at 15.  He also claims that Ms.

Parker, the official who received his grievances, was transferred to Darrington Unit

by Warden Crites and Major Matt Barbar because she attempted to assist him.  Id.

at 8.

### III.  DISCUSSION

Petitioner claims that (1) Officer Gonzales intentionally put him in harm's

way by opening his cell door so that another prisoner could attack him, and (2)

Warden Crites and Major Barbar conspired to conceal the incident.  Id. at 7-9.  He

is seeking relocation to a different part of the McConnell Unit, the termination of

Officer Gonzales, and the end of the alleged conspiracy.  Id.  Respondent asserts

that the petition should be dismissed because these claims fall outside habeas

jurisdiction.  (D.E. 13, at 1).

**A.     The Standard For A Rule 12(b)(1) Motion.**

The Federal Rules of Civil Procedure provide a defense of lack of subject

matter jurisdiction for a district court to hear a case.  Fed. R. Civ. P. 12(b)(1).

"Lack of subject matter jurisdiction may be found in any one of three instances: (1)

the complaint alone; (2) the complaint supplemented by undisputed facts evidenced

in the record; or (3) the complaint supplemented by undisputed facts plus the

court's resolution of disputed facts." <u>Ramming v. United States</u>, 281 F.3d 158,

161 (5th Cir. 2001) (per curiam) (citing <u>Barrera-Montenegro v. United States</u>, 74

F.3d 657, 659 (5th Cir. 1996)).

The party asserting subject matter jurisdiction has the burden of proving it.

<u>Id.</u> (citation omitted).  "Accordingly, the plaintiff constantly bears the burden of

proof that jurisdiction does in fact exist."  <u>Id.</u> (citing <u>Menchaca v. Chrysler Credit

Corp.</u>, 613 F.2d 507, 511 (5th Cir. 1980)).

**B.**      **Petitioner's Claims Are Outside The Scope Of The Court's Habeas
         Jurisdiction.**

A habeas petition "is the proper vehicle to seek release from custody."

<u>Carson v. Johnson</u>, 112 F.3d 818, 820 (5th Cir. 1997) (citing <u>Pugh v. Parish of St.

Tammany</u>, 875 F.2d 436, 439 (5th Cir. 1989)).  On the other hand, civil rights suits

pursuant to 42 U.S.C. § 1983 "are the proper vehicle to attack unconstitutional

conditions of confinement and prison procedures."  <u>Id.</u> (citing <u>Cook v. Texas Dep't

of Criminal Justice Transitional Planning Dep't</u>, 37 F.3d 166, 168 (5th Cir. 1994)).

In determining which one is proper for a prisoner's claims, the Fifth Circuit has

adopted a bright-line rule: "If 'a favorable determination ... would not

automatically entitle [the prisoner] to accelerated release,' the proper vehicle is a

§ 1983 suit."  <u>Id.</u> at 820-21 (quoting <u>Orellana v. Kyle</u>, 65 F.3d 29, 31 (5th Cir.

1995) (per curiam)).

Petitioner's claims concern the conditions of his confinement and allege civil rights violations by prison officials.  He seeks relocation within the McConnell Unit, the termination of a prison officer, and an end to the alleged conspiracy.  Resolving these claims in his favor would not accelerate his release date.  Furthermore, he does not allege a set of facts that would shorten or lengthen his stay in custody, and does not seek to be released for that matter.  Therefore, Petitioner has not met his burden in establishing subject matter jurisdiction pursuant to the habeas statute.  Accordingly, it is respectfully recommended that the Court lacks jurisdiction to hear the petition.[2]

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability.  A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner

---

[2] Petitioner may still file his claims in a § 1983 civil rights suit.  He may obtain the proper form to file a complaint from the McConnell Unit law library or the Clerk of the Court for the Southern District of Texas.

5

has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious."  Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason

6

would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

It is respectfully recommended that reasonable jurists could not debate the denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that Petitioner is not entitled to a certificate of appealability.

## V. RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's motion to dismiss, (D.E. 13), be granted, and the petition, (D.E. 1), be dismissed. Furthermore, it is respectfully recommended that a certificate of appealability be denied.

Respectfully submitted this 12th day of February 2010.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).